IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIAN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| JOE T GARCIA'S INC. and | ) | |
| WON CHANG INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, CHRISTIAN GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, JOE T GARCIA'S INC. and WON CHANG INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, CHRISTIAN GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant JOE T GARCIA'S INC. (hereinafter "JOE T GARCIA'S INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, JOE T GARCIA'S INC., may be properly served with process via its registered agent for service, to wit:  c/o Hope Garcia Lancarte, Registered Agent, 2201 North Commerce Street, Fort Worth, TX  76106.

9. Defendant, WON CHANG INC. (hereinafter "WON CHANG INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, WON CHANG INC., may be properly served with process via its registered agent for service, to wit:  c/o Amgela Ho, Registered Agent, 6147 East Peden Road, Fort Worth, TX  76179.

## FACTUAL ALLEGATIONS

11. On or about August 6, 2019 Plaintiff was a customer at Esperanza's, a business located at 1601 Park Place Avenue, Fort Worth, TX 76110 referenced herein as the "Esperanza's."

12. JOE T GARCIA'S INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Esperanza's.

13. WON CHANG INC. is the owner or co-owner of the real property and improvements that Esperanza's is situated upon and that is the subject of this action, referenced herein as the "Property."

14. Plaintiff's access to the business located at 1601 Park Place Avenue, Fort Worth, TX 76110, Tarrant County Property Appraiser's account number 00860913 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, JOE T GARCIA'S INC. and WON CHANG INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Esperanza's and the Property, including those set forth in this Complaint.

15. Plaintiff lives a half mile from Esperanza's and the Property. As such, Plaintiff is equally likely to wheel to the Property as he is to drive to the Property.

16. Plaintiff has visited Esperanza's and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Esperanza's and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Esperanza's and the Property are accessible again. The purpose of the revisit is

to be a regular customer, to determine if and when Esperanza's and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting Esperanza's and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to Esperanza's and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Esperanza's and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Esperanza's and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. Esperanza's is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Esperanza's must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Esperanza's and the Property in his capacity as a customer of Esperanza's and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Esperanza's and the Property that preclude and/or limit his access to Esperanza's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Esperanza's and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Esperanza's and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Esperanza's and the Property that preclude and/or limit his access to Esperanza's and the Property and/or the

goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, JOE T GARCIA'S INC. and WON CHANG INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Esperanza's and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, JOE T GARCIA'S INC. and WON CHANG INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, JOE T GARCIA'S INC. and WON CHANG INC., are compelled to remove all physical barriers that exist at Esperanza's and the Property, including those specifically set forth herein, and make Esperanza's and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Esperanza's and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Esperanza's and the Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) Near Unit 1601, the walking surfaces of the exterior accessible route have a slope in excess of 1:20. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does

           not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(ii)      At Esperanza's, there is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, this is a violation of Section 226.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to utilize exterior eating surfaces.

(iii)     Near Unit 1601, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)     Near Unit 1601, due to the side flare of the accessible ramp protruding into the accessible parking space, the accessible parking space is not level and has a surface slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG Standards.

(v)      Near Unit 1601, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space and the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vi) Near Unit 1601, there is an excessive vertical rise at the top of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(vii) The accessible parking space located in front of Unit 1601 has on its parking stop "Esperanza's Only", thus limiting the use of the accessible parking space to only one unit of the Property. Accessible parking spaces are required to be available to for use to any individual who is disabled regardless of which unit they are visiting. By limiting the use of the accessible parking space to only one unit, the Property is in violation of section 208.2 of the 2010 ADAAG Standards.

(viii) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. The Property only has one accessible parking space when they have a total of 44 parking spaces. The Property should have a total of two accessible parking spaces. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix) The Property lacks an accessible route leading from the public sidewalk to the accessible entrances in violation of section 206.2.1 of the 2010 ADAAG Standards.

(x) In Unit 1601, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing high chairs in front of the restroom door, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xi) In Unit 1601, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ESPERANZA'S MEXICAN BAKERY & CAFÉ RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The clear width of the door providing access to the restrooms is less than 32 (thirty-two) inches, due to a policy of placing a fan in close proximity to the restroom door, in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The height of the sink exceeds the maximum height from the finished floor in violation of Section 606.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vii) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Esperanza's and the Property.

36. Plaintiff requires an inspection of Esperanza's and the Property in order to determine all of the discriminatory conditions present at Esperanza's and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring Esperanza's and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Esperanza's and the Property is readily achievable because the

nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Esperanza's and the Property is readily achievable because Defendants, JOE T GARCIA'S INC. and WON CHANG INC., have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, Esperanza's and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, JOE T GARCIA'S INC. and WON CHANG INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Esperanza's and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, JOE T GARCIA'S INC. and WON CHANG INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, JOE T

GARCIA'S INC. and WON CHANG INC., to modify Esperanza's and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, JOE T GARCIA'S INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, WON CHANG INC., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, JOE T GARCIA'S INC. and WON CHANG INC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, JOE T GARCIA'S INC. and WON CHANG INC., to (i) remove the physical barriers to access and (ii) alter the subject Esperanza's and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

                Dated: September 11, 2019.

                Respectfully submitted,

                Law Offices of
                THE SCHAPIRO LAW GROUP, P.L.

                _____

                Douglas S. Schapiro, Esq.
                Northern District of Texas ID No. 54538FL
                *Attorney-in-Charge of Plaintiff*
                The Schapiro Law Group, P.L.
                7301-A W. Palmetto Park Rd., #100A
                Boca Raton, FL 33433
                Tel: (561) 807-7388
                Email: schapiro@schapirolawgroup.com

                Law Offices of
                LIPPE & ASSOCIATES

                _____

                Emil Lippe, Jr., Esq.
                State Bar No. 12398300
                Lippe & Associates
                12222 Merit Drive, Suite 1200
                Dallas, TX 75251
                Tel: (214) 855-1850
                Fax: (214) 720-6074
                emil@texaslaw.com

                ATTORNEYS FOR PLAINTIFF
                CHRISTIAN GARCIA